UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NEORIS De MEXICO S.A. de C.V., a foreign
corporation,

      Plaintiff,

v.

DIOMEDES QUEZADA, an individual
d/b/a FLEXGPS,

      Defendant.

_____/

## COMPLAINT

Plaintiff, NEORIS De MEXICO S.A. de C.V., ("Plaintiff"), a foreign corporation, by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of Florida, hereby files this Complaint against the Defendant, DIOMEDES QUEZADA, an individual d/b/a Flex GPS ("Defendant"), and, in support thereof, states, asserts, and alleges as follows:

### The Parties & Jurisdiction

1.    Plaintiff is a foreign corporation, with its principal place of business located in Mexico.

2.    Defendant is an individual, doing business as "FlexGPS" and with an office located in Miami-Dade County, Florida.

3.    This Court has jurisdiction over the parties and this action on the basis of diversity and pursuant to the terms of the agreement between Plaintiff and Defendant, which provides, in part, that any action or proceeding arising out of or based upon the agreement or its subsequent

*Neoris De Mexico S.A. de C.V., a foreign corporation*
*v. Diomedes Quezada, an individual d/b/a FlexGPA*
*Complaint*

transactions may be instituted in the federal courts of the United States of America or the courts of the State of Florida in each case located in Miami-Dade County, Florida, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.

4.  This is an action for damages in excess of $75,000, exclusive of interest, costs, and attorney's fees.

5.  The present action arises out of Defendant's actions and inactions on the agreement between Plaintiff and Defendant which have caused damages to Plaintiff.

6.  Any and all conditions precedent to the institution of this action have occurred, have been performed, or have otherwise been waived or excused.

## General Allegations

7.  On or about November 27, 2018, Plaintiff and Defendant entered into an agreement (the "Contract") whereby Defendant would provide GPS tracking and supervision of Plaintiff's customers' vehicles[1], which operate, deliver, and transfer materials in certain countries within Central and South America, including, but not necessarily limited to, Colombia, Costa Rica, Guatemala, Nicaragua, Panama, Peru, and the Dominican Republic. A true and correct copy of the Contract is attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof by this reference.

---

[1] CEMEX Materials is the largest of such customers and has approximately 1,200-1,300 vehicles being tracked under this contract throughout Latin America.

*Neoris De Mexico S.A. de C.V., a foreign corporation*
*v. Diomedes Quezada, an individual d/b/a FlexGPA*
*Complaint*

8.  Pursuant to its terms, the Contract was to endure "for a period of two (2) years (the 'Initial Term')" from its effective date (i.e., November 27, 2018), with an automatic renewal for one-year periods following the Initial Term. *See Exhibit A*, § 6.a.

9.  However, in violation of the contractual agreement between the parties, Defendant announced on or about March 14, 2019 that he is abruptly terminating the Contract, on March 31, 2019, without time for Plaintiff to transition to other suppliers.[2] A true and correct copy of this unilateral termination notice — in both Spanish and the English translation — is attached hereto as **Composite Exhibit "B"** and is incorporated into, adopted, and made a part hereof by this reference. This premature termination would eliminate the GPS tracking for the 1,200-1,300 Cemex vehicles, as well as others.

10. Immediately after receiving the unilateral termination notice, Plaintiff called Defendant in an attempt to have Defendant postpone his arbitrarily-set termination date. During the telephone conference, Defendant communicated to Plaintiff that he would send proposed terms to extend the arbitrarily-set termination date; however, Plaintiff has yet to receive those supposed terms.

11. Approximately one week after receiving Defendant's termination notice, and once it became apparent that Defendant was unwilling to cooperate, Plaintiff began investigating other options for providing the GPS tracking service on its vehicles. However, after such investigation, Plaintiff realized that the transition to a new supplier would take longer than expected. Thus, to

---

[2] Defendant indicated that his desire to have a baseline minimum number of vehicles being tracked and paid (which is not in the current agreement) was significant in his unilateral termination. The parties discussed an amended agreement, which Defendant was to draft and propose, but which has not been received by Plaintiff to this date.

*Neoris De Mexico S.A. de C.V., a foreign corporation*
*v. Diomedes Quezada, an individual d/b/a FlexGPA*
*Complaint*

ensure the safety and protection of its employees and assets, Plaintiff would need Defendant to extend its services until such reasonable time Plaintiff could transition to a new supplier.

12. Plaintiff's customers and its employees and products would be placed in immediate danger if Defendant were to cancel the contract and remove the GPS tracking. Specifically, the personal safety of the truck drivers would be compromised, as many of Plaintiff's trucks operate in dangerous zones of Central and South America.

13. In addition, if Defendant removes the GPS tracking, Plaintiff would not be able to monitor the trucks themselves, or the products within, to ensure that its products are safe and at limited risk of interference.

14. The GPS monitoring is important to the safety of non-parties and communities, as well. Through the platform, Plaintiff is able to monitor the speed at which a truck is being driven, the continuous hours a truck is being driven, etc. This permits Plaintiff to prevent accidents for speeding or fatigue of the driver.

15. A true and correct copy of two invoices from the Defendant is attached hereto, incorporated herein and made a part hereof as Composite Exhibit "C," in order to show the amounts charged.

## Count I – Temporary Restraining Order

Plaintiff re-alleges the allegations contained in Paragraphs 1-15, and it further alleges:

16. This is an action brought by Plaintiff against Defendant for a restraining order.

17. Plaintiff seeks a temporary and immediate restraining order for the safety of its employees and assets. Aside from allowing Plaintiff to monitor the safety of its employees and

4

*Neoris De Mexico S.A. de C.V., a foreign corporation*
*v. Diomedes Quezada, an individual d/b/a FlexGPA*
*Complaint*

assets as they navigate through dangerous territories of Central and South America, the GPS tracking provides Plaintiff with the capacity to constantly monitor the location of the trucks (and their loads) in order for Plaintiff and its customers to secure delivery in a timely manner, which is critical to secure constant compliance with contractual obligations (related to delivery).

18. Defendant would not be prejudiced through a temporary restraining order and the requested order would not place any undue burden on Defendant.

19. All Defendant would need to do to comply with the temporary restraining order is not turn off the GPS tracking for fourteen (14) days. There would be virtually no added cost to Defendant and Plaintiff will surely compensate Defendant the agreed amounts for the time the GPS devices operate beyond Defendant's desired termination date.

20. A temporary restraining order is appropriate as Plaintiff would suffer irreparable harm in its absence, and there is no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and restrains the Defendant from engaging in conduct which violates the Contract and places Plaintiff's employees and assets at risk of immediate harm. Such restraining order should prevent Defendant from turning off or otherwise removing the GPS tracking devices from Plaintiff's vehicles until such time Plaintiff can make arrangements for tracking through another supplier or the parties can reconcile and continue their the Contract, or for fourteen (14) days, whichever is earlier.

## Count II – Breach of Contract

Plaintiff re-alleges the allegations contained in Paragraphs 1-15, and it further alleges:

5

*Neoris De Mexico S.A. de C.V., a foreign corporation*
*v. Diomedes Quezada, an individual d/b/a FlexGPA*
*Complaint*

21. This is an action brought by Plaintiff against Defendant for breach of contract.

22. Plaintiff and Defendant entered into the Contract for good and valuable consideration on or about November 27, 2018.

23. As explained above, the Contract was to endure for a period of two (2) years from its effective date (i.e., November 27, 2018).

24. The Contract provides that "[e]ither party may terminate this Agreement immediately upon written notice to the other party if such other party (I) has failed to comply with a material obligation, or cure a material breach . . . or (II) has become insolvent." *See Exhibit A*, § 6.b.

25. Although Defendant provided written notice to Plaintiff of his intent to terminate the Contract, Defendant had no authority to anticipatorily repudiate or terminate the contract because Plaintiff has (1) complied with all material obligations of the contract; (2) not materially breached the contract; and (3) not become insolvent.  In fact, Defendant does not allege any of the aforementioned grounds for anticipatory termination in his termination notice.  *See Exhibit B*.

26. Instead, Defendant alleges, as the sole reason for his early termination, that Plaintiff has conducted business with a competitor of Defendant. Nevertheless, this is not a legitimate reason for terminating the Contract.  As such, by improperly terminating the Contract, Defendant materially breached the Contract.

27. Defendant's breach has caused Plaintiff and its customers damages and will continue to cause Plaintiff and its customers material and extensive quantifiable monetary damages until the breach is cured (i.e., Defendant keeps the GPS tracking service in operation) or until Plaintiff can transition to a new supplier.

*Neoris De Mexico S.A. de C.V., a foreign corporation*
*v. Diomedes Quezada, an individual d/b/a FlexGPA*
*Complaint*

WHEREFORE, Plaintiff demands judgment against Defendant for its damages, attorneys' fees, costs, and such further and additional relief as this Honorable Court may deem just, reasonable, necessary and/or proper.

Dated this, 29th day of March, 2019.

Respectfully submitted,

LAW OFFICES OF
SEILER, SAUTTER, ZADEN, RIMES & WEIHE
2850 North Andrews Avenue
Wilton Manors, Florida 33311
Telephone 954-568-7000
Facsimile 954-568-2152

/s/Richard J. Zaden
RICHARD J. ZADEN, Esquire
(F.B.N. 867357)